Mr. Dan Flowers Chairman, State Employees Insurance Advisory Committee P.O. Box 3278 Little Rock, AR 72203
Dear Mr. Flowers:
This is in response to your request for an opinion regarding A.C.A. § 23-96-101 et seq. (Supp. 1989), the Arkansas Life and Disability Insurance Guaranty Association Act ("Guaranty Association Act"). Your specific questions are as follows:
 1. Under the authority of Act 669 of 1975 of the Arkansas General Assembly (Ark. Code Ann. 21-5-501 et seq.) the State of Arkansas has established for the benefit of its employees a deferred compensation program. Does Section 3 (c)(2)(B) of Act 444 of 1989, Ark. Code Ann. 23-96-114(a)(2)(B), provide coverage for a `participant' in the State of Arkansas Deferred Compensation Plan?
 2. Who is the `contract holder' within the meaning of that term as used in Section 3(c)(2)(C) of Act 444 of 1989, Ark. Code Ann. 23-96-114(a)(2)(C)?
 3. Who is the the `contract holder' within the meaning of that term as used in Section 3(a)(2) of Act 444 of 1989, Ark. Code Ann. 23-96-107(a)(2)?
 4. Is there an inconsistency or a conflict between the usage of the term `contract holder' in Section 3 (c)(2)(C) of Act 444 of 1989, Ark. Code Ann.
 23-96-114(a)(2)(C) and in Section 3 (a) (2) of Act 444 of 1989, Ark. Code Ann. 23-96-107(a)(2), and if so, how would a court of law likely reconcile or rule upon such conflict or inconsistency?
 5. What is the maximum aggregate liability of the Arkansas Life and Disability Insurance Guaranty Assocation, created by Act 444 of 1989 (Ark. Code Ann. 23-96-101 et seq.), in the event of failure or nonperformance of contractual obligations due to the impairment or insolvency of a `member insurer,' as that term is defined in Section 5(b) of Act 444 of 1989, Ark. Code Ann. 23-96-104(8), underwriting such contractual obligations under the State of Arkansas Deferred Compensation Plan?
I assume that your questions are asked with respect to the current State of Arkansas Deferred Compensation Plan ("the Plan") which is funded through annuity contracts purchased by the state from insurance companies licensed to do business in the state.See generally A.C.A. § 21-5-504. The Plan is a "§ 457 plan," that is, one which meets the requirements of § 457 of the United States Internal Revenue Code. As such, the annuity contracts are owned by the state and remain subject to the general creditors of the state. See Section 457(b)(6) of the Internal Revenue Code. With these facts in mind, we will address your specific questions.
It is my opinion, in response to your first question, that participants in the Plan are covered by the Guaranty Association Act, although we are uncertain as to whether the applicable benefit provision is A.C.A. § 23-96-114(a)(2)(B) or (a)(2)(A)(iii), as discussed below.
With regard to your second question, § 23-96-114(a)(2)(C) is not applicable in this instance. In my opinion, the benefit limitations in connection with the Plan are governed by either §23-96-114(a)(2)(A)(iii) or § 23-96-114(a)(2)(B). The term "contract holder," as used in § 23-96-114(a)(2)(C), would apply if the annuity contract that funds the Plan were an unallocated annuity contract not issued under a governmental retirement plan established under the Internal Revenue Code. It is my understanding, however, that the Plan is established under the Internal Revenue Code.
Again, it is possible, in response to your third question, that the provision under § 23-96-107(a)(2) pertaining to "contract holders" is not applicable in this instance. As a general matter, the term "contract holder" may reasonably be construed to mean the one who owns the annuity contract or to whom the contract is issued. With regard, specifically, to the Plan, however, it is my understanding that a group annuity is purchased by the State of Arkansas, and that certificates are issued to individuals. While a fact question may arise in this regard, it must be recognized that coverage is extended, under § 23-96-107 (a)(2) (Supp. 1989), to "[p]ersons who are . . . certificate holders under such policies or contracts." The phrase "such policies or contracts" refers to the subsection (b) of § 23-96-107, which states:
 This chapter shall provide coverage to the persons specified in subsection (a) of this section for direct, nongroup life, disability, annuity, and supplemental policies or contracts, for certificates under direct group policies and contracts, and for unallocated annuity contracts issued by member insurers, except as limited by this chapter. Annuity contracts and certificates under group annuity contracts include but are not limited to guaranteed investment contracts, deposit administration contracts, unallocated funding agreements, structured settlement agreements, lottery contracts, and any immediate or deferred annuity contracts.
It thus appears that the term "contract holder," as used in §23-96-107(a)(2), may not come into play in this instance. The term would only be operative, in my opinion, if individuals participating in the Plan are in fact covered by an unallocated annuity contract.[1] The implications of this factual scenario are addressed in the response to your next question.
Your fourth question is whether there is an inconsistency or a conflict between the usage of the term "contract holder" in §23-96-114(a)(2)(C) and § 23-96-107(a)(2). It is my opinion that, generally, there is no conflict. Section 23-96-107 sets forth the coverage provisions of the Guaranty Association Act, while §23-96-114 addresses the benefits for which the Association may be liable in the event a member insurer becomes impaired or insolvent.
A question might arise, however, in the case of an "individual participating in a governmental retirement plan established under sections 401(k), 403(b), or 457 of the United State Internal Revenue Code covered by an unallocated annuity contract. . . ." A.C.A. § 23-96-114(a)(2)(B) (Supp. 1989). The General Assembly has clearly expressed its intent for the benefit limitation of $100,000 per individual to apply in that instance. This intent is also reflected in § 23-96-104(11)(B) (Supp. 1989), which excludes from the definition of "premiums" any premiums "in excess of one million dollars ($1,000,000) on any unallocated annuity contract not issued under a governmental retirement plan established under sections 401(k), 403(b), or 457 of the United States Internal Revenue Code." It may reasonably be concluded that this provision was intended to exclude premiums which are not entitled to coverage as a result of the $1,000,000 limitation contained in §23-96-114 (a)(2)(C). Because § 457 plans are specifically mentioned, the definition of "premiums" under the act does include contributions to a § 457 plan.
By definition, however, an "unallocated annuity contract" means "any annuity contract or group annuity certificate which is not issued to and owned by an individual. . . ." A.C.A. §23-96-104(14); see n. 1. Section 23-96-107(a)(2) states that coverage is provided, in the case of unallocated annuity contracts, to "persons who are the contract holders. . . ."
It is my opinion that any question in this regard would be resolved in favor of extending coverage to individuals participating in the governmental retirement plan. This is consistent with the goal of liberal construction. A.C.A. §23-96-103(a) (Supp. 1989). Otherwise, if participants in a § 457 plan are neither "certificate holders" nor "contract holders" for purposes of § 23-96-107, the benefit provisions of § 23-96-114
would be of no effect. The court will, however, strive to give meaning to each provision of the act. See generally Locke v.Cook, 245 Ark. 787, 434 S.W.2d 598 (1968).
The answer to your final question is, in my opinion, $100,000 per individual in present value annuity benefits, in accordance with either § 23-96-114(a)(2)(A)(iii) or § 23-96-114(a)(2)(B), depending upon whether the annuity contract is allocated or unallocated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The term "unallocated annuity contract" is defined in §23-96-104(14) (Supp. 1989) as "any annuity contract or group annuity certificate which is not issued to and owned by an individual, except to the extent of any annuity benefits guaranteed to an individual by an insurer under such contract or certificate."